5-25-0461 and attorney for Appellant Mr. Lee and Athlete Ms. Webber, is that correct? Whenever you're ready. And if you would please state your name. Your Honor, John Patrick Lee of Craig and Craig LLC for Respondent Appellant James Williams. You may proceed. Thank you. Your Honors, we're here to talk about a relatively narrow issue with respect to the calculation of net income for purposes of setting child support. This matter was before the court in Douglas County. My client, James Williams, offered testimony about several sources of income. That included his part-time military service. That included some regular salaried employment. And most germane to this proceeding, it included some testimony regarding two Airbnb properties. Your Honors, where we got into a disagreement was with respect to what constituted ordinary and necessary expenses required to carry on the businesses with respect to the Airbnb properties. That is governed by 750 ILCS 5-505A-3.1. Your Honor, there were three separate sources of evidence regarding those matters. The first one was the second amended financial affidavit, which was filed by my client. That document incorporated his tax returns, and those tax returns included a Schedule C and a Schedule E. The specific expenses at issue are for supplies related to the business, and there were some indicated on Schedule C and some on Schedule E. Schedule C at Line 22, Schedule E at Line 15. The financial affidavit itself appended some explanatory notes, and these notes from my client attempted to explain his reasoning. It attempted to expand upon the nature of some of these deductions that were shown in his tax returns. And as to supplies, it specifically stated, and this is at A025 on the record, the supplies indicated were expenses for providing essential supplies to guests, such as toiletries, linens, and snacks. Your Honors, there was testimony relating to this topic at two separate proceedings. And at the first of those proceedings on September 19, 2023, there was some general testimony about the Airbnb rental properties and his related expenses. There was a motion to strike by opposing counsel with respect to the addendums to the financial affidavits on the grounds that Mr. Williams wasn't an accountant or was not otherwise qualified as an expert. The trial court correctly ruled that although certain statements contained in those addenda regarding things such as booking insurance would not be given substantial weight, that he would be able to testify as to such common deductions that an Airbnb may have, including utilities, taxes, cleaning supplies, and related expenses, just based upon his own background. Your Honors, there was further testimony on the subject offered on February 20, 2024. And again, Mr. Williams testified that he had tried to fairly enact a state all income and explain all business expenses. Initially, there was an order where the court found that the mortgage deduction was not allowed, is that correct? That is correct. And then the court had a subsequent hearing, I know there were multiple hearings, I think this was sort of, was it essentially a bifurcated type of hearing, correct? Or multiple hearings? Certainly, yes. There were parenting issues and whatnot. Yes. So the hearing on the motion to reconsider then, the court did in fact reconsider their order and allow the mortgage, the interest and then the payment. That is correct, Your Honor. And I think the way that I've characterized it is that the court moved in the right direction after that motion to reconsider, just not far enough on the motion to reconsider. And certainly recognizing the mortgage payments as an appropriate deduction was an appropriate change from the court's previous opinion. And it's just this issue of the two line items for supplies that we believe were an abuse of discretion by the court. But the court spent some considerable time in its order discussing why it reached that conclusion. Would you agree? It was addressed at length. Okay. And, I mean, the court essentially said they just didn't have the information needed, is that correct? That was the court's conclusion. So what information was provided that the court should have looked at then? Your Honor, again, the tax returns get down to the numbers, the specific numbers, and that they were supplies. The addendum to the financial affidavit, the second amended financial affidavit, contains those additional notes where he explained his testimony at these two separate proceedings, while not necessarily, certainly not exclusive to the issue of supplies, gave some general explanation as to his degree of expertise and why he was claiming these for tax purposes. And it was acknowledged, and we acknowledge in our brief, that just because something is an appropriate deduction, that does not necessarily, for tax purposes, does not necessarily mean that it is properly deducted when we're calculating support. In this instance, though, we think that was, those were proper. And there were like $17,000 in supplies, is that correct? That is correct, Your Honor. All right. And did he detail what those $17,000 worth of supplies were? Not beyond the testimony that I've already cited. Okay. All right, thank you. To piggyback on those questions, and I'm not going to steal counsel's thunder because she's going to argue this, but I think that basically the court said, the court said, you didn't give me enough information, which is to your point, Justice, but because this was over a period of time, and again, I believe this is opposing counsel's argument, is your client was given ample opportunity to get this documentation, to testify, to give the court what it needed for them to consider whether or not to grant and give them those expenditures. And basically to go to what Justice Schiller said is just, he just didn't do that, correct? Well, Your Honor, he, it's a question of degrees. It's as to how far he did that. And as I've cited, there was what I believe to be sufficient evidence that it, the court's conclusion here to exclude supplies was incorrect. But I do concede that there was, there were multiple evidentiary hearings. I will say that when the court makes the acknowledgment of my client's expertise to testify on these matters and denies the motion to strike that testimony, I think the conclusion that one draws at that point is that the burden of proof has been sustained as to that issue, and certainly there was no testimony to the contrary as to any of those supplies. Other questions? The statutory authority here is fairly clear. I don't think that either party has cited, has been able to cite a lot of case law closely on point here as to this specific sort of evidence for this specific sort of a deduction. And I think that rather we fall back on the broader case authority that states that necessary expenses are those expenses paid by a parent with a good faith basis that his or her income will increase as a result. The only testimony offered before the trial court in this matter was consistent with the idea that these were essential expenses associated with operating an Airbnb business. And that Airbnb business, you know, there are certainly questions about exactly how profitable it has been at this point once some of these deductions have been factored in. I don't think there can be any dispute based upon the evidence that it was a good faith attempt to increase income. And there is not a dispute here that to the extent there was income, net income, after the appropriate deductions, that that should be factored in. In conclusion, we believe that the trial court did err in failing to adjust the case law as it should have. And that the trial court has not been able to alter the case law and on the basis of the issue of income to reflect these additional business expenses. This resulted in a final calculation of ongoing and retroactive support that is significantly in excess of the guidelines set forth by statute and constitutes an abuse of discretion. We'd ask that the Court find that the trial court incorrectly excluded these expenses and remanded to the trial court for further proceedings, including a recalculation of ongoing support and an adjustment for payments made to date. We'd ask that the Look, I agree these things, which she found after the original trial in her memorandum of opinion. Yeah, these things can be reasonable, necessary, required to produce income. But I don't have the information in this case to make that finding. In her order on order for clarification, she specifically said, she specifically found, no specific testimony was given. No receipts were provided. The financial affidavit explanation was simply general in nature, not specific. From the lack of evidence, the court actually has the right to presume that should he, if he didn't present the evidence, that the evidence he would have had available would have been not in his favor. The court in this particular case was in the best position to judge the credibility of the witnesses, to weigh the evidence such as it was presented, and to then make a determination as to whether or not the expenditures cited were reasonable, necessary, required to produce income. And as was cited by both Mr. Williams' counsel and noted by the court, the Davis decision says, that the evidence was not in his favor. The court in this particular case did in fact increase income. None of that was proven with respect to the supplies on line 22 of C and line 15 of E. No distinction was made in general testimony between those supplies and the supplies on schedule C and E that the court actually did allow as deductions for cleaning and maintenance and other expenses. Other expenditures. The court's conclusion was not an abuse of discretion. It was entirely reasonable for her to find that lacking specific evidence of the expenditures claimed by Mr. Williams, she had no choice but to claim that the expenditures were reasonable. The court in this particular case did not conclude that he did not meet his burden of proof, and those were not deductible for purposes of calculating child support. Do you have any questions? Thank you very much. I would like to respond to one point initially, the suggestion that in his second amended financial affidavit, Mr. Williams only stated generalities, but did not go on to say, but I am also the person who is responsible for the financial affidavit. I think that's a willful misreading of this financial affidavit and the additional notes that were provided. In this instance, he has shown a finance, he has attached to the financial affidavit his tax returns, showing all of these various deductions. He is explaining in generalities his understanding of how a schedule C works for Airbnb hosts, but obviously he is doing that in the context of his own financial affidavit. And he is also using the financial affidavit to explain deductions that he has made for tax purposes, and those same deductions are being submitted to the court for consideration in calculating his income for purposes of setting child support. Your Honors, I think other than that, I would acknowledge that this is an abusive discretion standard. The court has before it the evidence, and I think I've cited to the relevant evidence here. I believe that if the court reviews that evidence, the court will conclude that this was an abusive discretion. The trial court clearly did acknowledge that Mr. Williams had expertise to testify as to these matters, just drawing from the fact that he was an Airbnb host who had operated these businesses. Who had educated himself. There was further testimony that he had sought professional accountant assistance, although he's not himself a professional accountant. Where the court had acknowledged that level of expertise within that sphere, and where the evidence was uncontradicted as to what those charges were, the amounts of those charges, and that they were clearly in the context of his own financial affidavit. Of a bona fide business that the respondent was operating. I think the court made a clear error in not accounting for those in calculating child support. Any questions? Thank you very much. We will take this matter under advisement and we will issue a ruling in due course.